**Order issued February 27, 2018**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-17-00385-CV

———————————

**ADRIENNE GALLIEN, Appellant**

**V.**

**WELLS FARGO HOME MORTGAGE INC., WELLS FARGO BANK, N.A., CRISTOBAL NIÑO, INDIVIDUALLY AND AS EXECUTOR OF THE ESTATE OF VERONICA CASTILLO NIÑO AND KATHY ORSAK, Appellees**

---

**On Appeal from the 157th District Court**
**Harris County, Texas**
**Trial Court Case No. 2015-75452**

---

## MEMORANDUM ORDER

Appellant Adrienne Gallien appeals from an order granting a temporary injunction as well as two subsequent orders. Appellees Wells Fargo Home

Mortgage, Inc. and Wells Fargo Bank, N.A. filed a motion to dismiss this appeal on the ground that it was moot. We dismiss the appeal in part.

This case concerns certain real property on which Wells Fargo had sought to foreclose. The note and deed of trust on the property belonged to Cristobal Niño and his wife, Veronica Castillo Niño,[1] but the Galliens held a general warranty deed from the Niños and sought to discharge the amount owed. After attempting to pay sums to discharge the debt, which Wells Fargo refused to accept, the Galliens filed the underlying case.

The trial court granted a temporary injunction to halt foreclosure on the property and ordered the parties to mediation. The parties reached a settlement agreement in which Gallien agreed to pay a sum of money to Wells Fargo and upon receipt of those funds, Wells Fargo agreed to release the lien on the property. Gallien also agreed that she would dismiss her claims. Gallien paid the monies owed, and Wells Fargo released the lien on the property, but then Gallien did not dismiss her claims. Instead, she filed a plea to the jurisdiction. Wells Fargo filed a motion to enforce the settlement agreement and for sanctions. The trial court signed an order denying the plea to the jurisdiction and a separate order enforcing

---

[1] Cristobal Niño began probate proceedings in which the Galliens also participated. Gallien has filed another appeal from an order in that case and it is docketed as appellate cause number 01-17-00590-CV.

2

the settlement agreement, dismissing Gallien's claims, and imposing sanctions in the amount of $5,000.

Gallien appealed the temporary injunction order and the trial court's subsequent orders. Wells Fargo filed a motion to dismiss contending that the appeal should be dismissed as moot because all issues concerning the real property were settled.

"Appellate courts are prohibited from deciding moot controversies." *Nat'l Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999). A case is moot if there is no longer a "justiciable controversy between the parties." *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 162 (Tex. 2012). There is no justiciable controversy if our action on the merits would not affect the parties' rights. *Id.*

The parties settled all issues concerning the real property. The temporary injunction order became inoperative after the parties settled their claims. *See Nat'l Collegiate*, 1 S.W.3d at 86 ("When a temporary injunction becomes inoperative due to a change in status of the parties or the passage of time, the issue of its validity is also moot."). Gallien has paid the amount that she agreed to pay under the terms of the settlement agreement and Wells Fargo released the lien. All claims brought by Gallien in the trial court have been dismissed. Thus, all issues on appeal concerning the real property were settled and released and the appeal of those issues is moot.

Gallien argues in her response that a justiciable controversy continues to exist concerning the trial court's orders denying her plea to the jurisdiction and imposing sanctions. However, the plea to the jurisdiction concerned the trial court's jurisdiction to rule on the property issues. Gallien agreed to settle all claims that she had brought in the district court. Because the issues have been settled and the settlement agreement has been performed, no issues concerning the property or the plea to the jurisdiction remain for this court to adjudicate.

The only issue remaining for adjudication on appeal is Gallien's challenge to the August 4 order imposing sanctions. Because the sanctions award was separate from the settlement agreement, Gallien's appeal of the sanctions order is not moot and the appeal will remain pending only as to Gallien's challenge to the sanctions award.

Accordingly, we grant Wells Fargo's motion and partially dismiss the appeal as it concerns (1) the temporary injunction order, (2) the August 4, 2017 order denying the plea to the jurisdiction, and (3) the portion of the August 4, 2017 order dismissing Gallien's claims concerning the real property.


**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Massengale and Brown.

4